UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MARCELINO GONZALEZ,

     Plaintiff,

v.

ALIBERT, INC., a Florida corporation,
R & R BAGEL, INC., a Florida corporation, and
ROBERT E. ELBAUM, individually,

     Defendants.

## COMPLAINT

    COMES NOW, the Plaintiff, MARCELINO GONZALEZ ("Plaintiff"), by and through the undersigned counsel, hereby brings this action against Defendants, ALIBERT, INC., R & R BAGEL, INC., and ROBERT E. ELBAUM, individually, (collectively as "Defendants"), for violations under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (hereinafter as "FLSA").  Plaintiff seeks unpaid overtime wages, liquidated damages, and reasonable attorney's fee and costs from Defendants.

## JURISDICTION

1.    This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq*.  The Court has jurisdiction over this claim pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. §1331 and 1337.

## VENUE

2.    Venue is proper in the United States District Court for the Southern District of Florida as the

unlawful practices alleged herein took place in Broward County, Florida, and the Defendants are

Florida corporations who transact business in Broward County, Florida, and the transaction that

is the basis of Plaintiff's Complaint occurred within the District and venue, therefore, properly

lies in this Court.


## **PARTIES**

3.   Plaintiff is an individual residing in the County of Broward, State of Florida.  Plaintiff became

employed and hired by Defendants in approximately March 2015, and worked for Defendants as

a Cook until approximately July 14, 2019.

4.   At all times material, Plaintiff was an employee of Defendants within the meaning of the FLSA.

5.   Defendant, ALIBERT, INC., d/b/a Rob's Bageland, is a Florida corporation formed and existing

under the laws of the State of Florida and at all times during Plaintiff's employment, Defendant,

ALIBERT, INC., was an employer as defined by 29 U.S.C. §203(d).

6.   Defendant, R & R BAGEL, INC., d/b/a Rob's Bageland,  is a Florida corporation formed and

existing under the laws of the State of Florida and at all times during Plaintiff's employment,

Defendant, R & R BAGEL, INC., was an employer as defined by 29 U.S.C. §203(d).

7.   At all times relevant, the Defendant, ROBERT E. ELBAUM, was an individual resident of the

State of Florida who owned and/or operated ALIBERT, INC. and/or R & R BAGELAND, INC.,

where Plaintiff was employed.  Defendant ROBERT E. ELBAUM, is involved in the day-to-day

opertation of ALIBERT, INC. and/or R & R BAGELAND, INC., interviewed and hired Plaintiff,

and was responsible for the supervision of Plaintiff.  Defendant ROBERT E. ELBAUM, acted and

acts directly in the interests of ALIBERT, INC. and/or R & R BAGELAND, INC., in relation to

its employees, and thus, Defendant ROBERT E. ELBAUM, was and is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

8.   Plaintiff was an employee of Defendants and at all time relevant to the violations of the FLSA were engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

9.   Throughout Plaintiff's employment with Defendants, Defendants ALIBERT, INC. and R & R BAGELAND, INC., said Defendants were enterprises engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(r) and 203(s).

10.   At all times material, Defendants employed employees who regularly were and are engaged in commerce or the production of goods for commerce, with Defendants ALIBERT, INC. and/or R & R BAGELAND, INC., having annual gross volume of sales or business done of not less than $500,000 within the meaning of Sections 203(r) and (s) of the FLSA.  Alternatively, Plaintiff worked in interstate commerce so as to fall within the protections of the Act.

11.   At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. § 201-209, in that Plaintiff performed services for Defendants for which no provision were made by the Defendants to properly pay Plaintiffs for those hours worked in excess of Forty (40) hours within a work week.

12.   Plaintiff regularly worked in excess of Forty (40) hours in one or more work weeks during his employment with Defendants.

13.   However, Defendants did not pay time and a half wages for all of the overtime hours worked by Plaintiff.

14.   Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, are in the possession and custody of Defendants.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

15.   Plaintiff, MARCELINO GONZALEZ, re-alleges and incorporates herein the allegations contained in paragraphs 1-14.

16.   Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess for Forty (40) hours per work week.

17.   By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorney's fees.

18.   As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

19.   Plaintiff has retained the undersigned counsel to represent him in this action, and agreed to pay their counsel reasonable fees and costs, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

WHEREFORE, Plaintiff, MARCELINO GONZALEZ, demands judgment against the Defendants, jointly and severally, for the following:

   (a)   Unpaid overtime wages found to be due and owing;

   (b)   An additional amount equal to the minimum overtime wages found to be due and owing as liquidated damages;

   (c)   A reasonable attorney's fee and costs; and

   (d)   Such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

20.   Plaintiff demands a jury trial on all issues so triable.

DATED:  August 5, 2019

Respectfully submitted,

MILITZOK LAW, P.A.
*Attorney for Plaintiff*
Wells Fargo Building
4600 Sheridan Street, Suite 402
Hollywood, Florida 33021
(954) 780-8228 - Telephone
(954) 719-4016– Facsimile
bjm@militzoklaw.com

By: /s/ Brian Militzok
BRIAN J. MILITZOK, ESQ
Fla. Bar No.: 0069993